IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEACON/CORCORAN JENNISON
PARTNERS LLC, ET AL.,

      Plaintiffs,                                    06cv0585

        v.                                     **ELECTRONICALLY FILED**

THE UNIVERSITY OF PITTSBURGH
OF THE COMMONWEALTH OF HIGHER
EDUCATION, a non-profit Pennsylvania
corporation trading and doing business as
THE UNIVERSITY OF PITTSBURGH,

      Defendant.

## MEMORANDUM OPINION

**July 20, 2006**

      AND NOW, this 20th day of July, 2006, upon consideration of defendant's motion to dismiss (doc. no. 4) the complaint herein, Plaintiffs' opposition thereto (doc. no. 7), and defendant's reply (doc. no. 9), the Court will grant the motion and relief requested, and the complaint will be dismissed for failure to state a claim on which relief can be granted.

      Dismissal pursuant to Rule 12(b)(6) is appropriate because the conduct complained-of in plaintiffs' complaint is protected by the <u>Noerr-Pennington</u> doctrine. <u>Eastern Railroad Presidents Conf. v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127 (1961); <u>Mine Workers v. Pennington</u>, 381 U.S. 657 (1965); <u>Brownsville Golden Age Nursing Home, Inc. v. Wells</u>, 839 F.2d 155, 158-160 (3rd Cir. 1988).

The United States Court of Appeals for the Third Circuit has applied the <u>Noerr-Pennington</u> doctrine to cases such as this case to serve as a defense to a broad range of claims, including claims of tortious interference with contractual relations.  <u>Brownsville</u>, 839 F.2d at 159-160.  See also <u>Santana Products Inc. v. Bobrick Washroom Equipment, Inc.</u>, 401 F.3d 123, 132 n. 13 (3rd Cir. 2005) (<u>Noerr - Pennington</u> "immunity extends beyond attempts to influence the passage and enforcement of laws and applies equally to efforts to influence administrative agency action");  <u>Barnes Foundation v. Twp. of Lower Merion</u>, 242 F.3d 151, 162 (3rd Cir. 2001); <u>Herr v. Pequea Twp.</u>, 274 F.3d 109, 115 (3rd Cir. 2001) (citations omitted), abrogated on other grounds, <u>United Artists Theatre Circuit, Inc. v. Twp. of Warrington</u>, 316 F.3d 392, 400 (3rd Cir. 2003);  <u>Cheminor Drugs, Ltd. v. Ethyl Corp.</u>, 168 F.3d 119, 128 (3rd Cir. 1999) (affirming dismissal of claims for tortious interference with prospective economic advantages and unfair competition: "We are persuaded that the same First Amendment principles on which <u>Noerr-Pennington</u>  immunity is based apply to the New Jersey [common law] tort claims."); <u>Zemenco, Inc. v. Developers Diversified Realty Corp.</u>, 2005 WL 2545303 (W.D.Pa. 2005) (broad scope of <u>Noerr - Pennington</u> covers developer's claims against other developer who petitioned township to condemn subject property; "The First Amendment right to petition extends to all departments of government including administrative agencies and the courts.").

Additionally, the complained-of conduct is not improper under the law and, as pleaded in the complaint, is privileged as a matter of law.  See <u>CGB Occupational Therapy, Inc. v. RHA Health Services Inc.</u>, 357 F.3d 375, 385 (3rd Cir. 2004) (elements of tortious interference in Pennsylvania include absence of privilege or justification on the part of the defendant), citing <u>Crivelli v. General Motors Corp.</u>, 215 F.3d 386, 394 (3d Cir. 2000);  Restatement (Second) of

Torts, § 767.  See also National Data Payment Sys. Inc. v. Meridian Bank, 212 F.3d 849, 857-858 (3rd Cir. 2000); Surya Systems, Inc. v. Sunku, 2005 WL 1514225, *3 (E.D.Pa. 2005) ("Pennsylvania has long recognized a cause of action for interference with an existing contractual relation. . . .  To state a claim of intentional interference with a contract, the plaintiff must plead facts sufficient to establish . . . (3) absence of privilege or justification for the interference . . . ."); Famology.com Inc. v. Perot Systems Corp., 158 F.Supp.2d 589 (E.D.Pa. 2001) (under Pennsylvania law, in order to succeed on a claim for tortious interference with either current or prospective contractual relations, plaintiff must plead and prove, inter alia, absence of privilege or justification on the part of the defendant);  Capecci v. Liberty Corp., 406 Pa. 197, 202, 176 A.2d 664 (1962) (absence of such a privilege is an element of the cause of action which must be pleaded and proven by the plaintiff).

An appropriate Order will be entered.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record as listed below

Francis C. Rapp, Jr., Esquire
Feldstein, Grinberg, Stein & McKee
428 Boulevard of the Allies
Pittsburgh, PA 15219

Paul A. Manion, Esquire
Manion, McDonough & Lucas
600 Grant Street, Suite 1414
Pittsburgh, PA 15219